UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SURETEC INSURANCE COMPANY, INC., a Texas corporation,

        Plaintiff,

  v.

NEW FAZE DEVELOPMENT, INC., et al.,

        Defendants.

NO. 2:08-cv-03036-MCE-JFM

ORDER

Plaintiff initiated this indemnity action seeking to, *inter alia*, recover losses it anticipates incurring as a result of issuing payment and performance bonds in connection with one of Defendants' development projects. Presently before the Court is Defendants' Counter-Motion for Order of Abstention[1], through which Defendants seek a stay of the instant proceedings under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). For the following reasons, Defendants' Motion is denied.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Plaintiff agreed to provide surety bonds on behalf of Nuevo Partners, an affiliate of Defendants, in connection with a local construction project.  As part of the consideration for this agreement, Defendants, along with Nuevo Partners, executed a General Indemnity Agreement ("GIA") under which they agreed to indemnify Plaintiff against liability for losses and expenses incurred by Plaintiff as a result of executing the bonds.  The contracting parties also agreed, upon demand, to deposit collateral with Plaintiff to discharge or cover losses or anticipated losses.

Nuevo Partners, later filed for Chapter 11 Bankruptcy. Plaintiff alleges the bankruptcy filing constituted a default under the terms fo the GIA.

Subsequently, A. Teichert & Son, Inc., d.b.a. Teichert Construction ("Teichert") made demands upon Nuevo Partners for payment of labor, materials, etc.  On October 16, 2008, Teichert recorded a Mechanic's Lien and then sent to Plaintiff a notice of intent to make a claim in the amount of $446,837.11 against the bonds.  According to Plaintiff, Nuevo Partners failed to complete work as obligated on the project, exposing Plantiff to liability.

As a result, Plaintiff sent letters to Defendants demanding that they indemnify Plaintiff from any losses it might sustain. Plaintiff directed Defendants to either pay Teichert and arrange for completion of the work or deposit collateral in the amount of $500,000 with Plaintiff.  To date, Defendants have done neither.
///

1  Accordingly, on December 15, 2008, Plaintiff filed the instant
2  action alleging claims for breach of contract, *quia temet*,
3  specific performance, and declaratory relief.
4      Approximately one month later, on January 13, 2009, Teichert
5  initiated a state action against Defendants, included Plaintiff
6  as a defendant, and alleged causes of action for breach of
7  contract, foreclosure or mechanic's lien and bond recovery.
8  Defendants now move to stay the instant action until the state
9  action is resolved.

**ANALYSIS**

13     According to Defendants, when Teichert recorded its
14 Mechanic's Lien and sent a demand letter to Plaintiff as to the
15 bonds, "[r]easonable handling of these claims, for maximum
16 economy and benefit to the Courts and parties, would have
17 involved (a) Teichert filing an action in the Superior Court,
18 including a cause of action against Plaintiff for payment under
19 the Bonds, in response to which (b) Plaintiff would bring a
20 cross-complaint in the Superior Court against Defendants herein
21 asserting their indemnity obligations."  Instead, approximately
22 one month before Teichert eventually filed a state court action,
23 Plaintiff initiated the instant litigation in this Court.
24 Defendants now ask this Court to abstain from exercising its
25 jurisdiction until the state court action is resolved.
26 ///
27 ///
28 ///

3

"Under Colorado River, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter. Exact parallelism is not required; it is enough if the two proceedings are substantially similar." Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (internal citations and quotations omitted). "But because '[g]enerally, as between state and federal courts [with concurrent jurisdiction], the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[,]' the Colorado River doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. (quoting Colorado River, 424 U.S. at 817).

Thus, as a threshold matter, Colorado River applies when a federal court is asked to exercise jurisdiction over a matter in which there are parallel state court proceedings underway. Defendants argue here that the state court action constitutes parallel litigation because it concerns the same underlying construction project, the same parties, the same approximate amount of money damages, and arises under the same state's laws. Additionally, Plaintiff's potential recovery here is derivative of any recovery Teichert might obtain in state court. Plaintiff disagrees, arguing that the state court proceedings will not resolve the issues raised in federal court.

4

Plaintiff is correct because the state court proceeding revolves around the subcontract and the bonds.  The federal action instead involves the instant parties' indemnity agreement.  Thus, the parallelism requirement is not met.

Additionally, the remaining factors critical to a Colorado River analysis weigh in favor of the exercise of this Court's jurisdiction as well: 1) whether the state court has assumed jurisdiction over any res or property; 2) whether the federal forum is less convenient to the parties; 3) avoidance of piecemeal litigation; 4) the order in which jurisdiction was obtained; 5) whether the source of governing law is state or federal; 6) the adequacy of state court proceedings to protect the federal plaintiff's rights; and 7) whether exercising jurisdiction will promote forum shopping.  <u>Colorado River</u>, 424 U.S. at 818-19; <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 19-26 (1983); <u>Holder</u>, 305 F.3d at 870.

First, though Plaintiff claims the state court has assumed jurisdiction over property by way of Teichert's Mechanic's lien, Plaintiff's claim in this court does not concern that property and seeks only funds it anticipates recovering under the indemnity agreement.  Next, the convenience of the forum is neutral as the burdens and benefits of litigating in Sacramento state court versus federal court are virtually the same. Furthermore, concerns regarding the avoidance of piecemeal litigation are not present here because, though related, the issues litigated in this Court are not the same as those before the district court.

///

Additionally, despite Defendants' argument that the state court action should be deemed filed as of the date the Mechanic's Lien was recorded, the federal action was actually filed first and has progressed further than the state action.  Moreover, though the source of applicable law is state not federal, both courts have the ability to competently address Plaintiff's instant claims. Finally, nothing in the record indicates that Plaintiff, in filing the instant action, engaged in improper forum shopping.

In sum, even if the above balancing produced a closer result, Colorado River abstention is proper only under rare circumstances not present here.  Plaintiff was well within its rights to initiate the instant litigation in this Court under this Court's diversity jurisdiction.  It was not required to sit on those rights and await the filing of a state court action in which Plaintiff could then file a cross-complaint for indemnity. Accordingly, this Court will not abstain.

**CONCLUSION**

Defendants' Counter-Motion for Order of Abstention (Docket No. 47) is DENIED.

IT IS SO ORDERED.

Dated: August 31, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

6