UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SURETEC INSURANCE COMPANY, INC., a Texas corporation,

        Plaintiff,

   v.

NEW FAZE DEVELOPMENT, INC., et al.,

        Defendants.

NO. 2:08-cv-03036-MCE-JFM

ORDER

Plaintiff initiated this indemnity action seeking to, *inter alia*, recover losses it anticipates incurring as a result of issuing payment and performance bonds in connection with one of Defendants' development projects. Presently before the Court is Plaintiff's Motion for Right to Attach Order and Order for Issuance of Writ of Attachment. On August 27, 2009, the Court heard oral argument and took the matter under submission. For the following reasons, Plaintiff's Motions are granted in part and denied in part.

///

1

**BACKGROUND**

Plaintiff agreed to provide surety bonds on behalf of Nuevo Partners, an affiliate of Defendants, in connection with a local construction project.  As part of the consideration for this agreement, Defendants, along with Nuevo Partners, executed a General Indemnity Agreement ("GIA") under which they agreed to indemnify Plaintiff against liability for losses and expenses incurred by Plaintiff as a result of executing the bonds.  The contracting parties also agreed, upon demand, to deposit collateral with Plaintiff to discharge or cover losses or anticipated losses.

Nuevo Partners, later filed for Chapter 11 Bankruptcy. Plaintiff alleges the bankruptcy filing constituted a default under the terms of the GIA.

Subsequently, A. Teichert & Son, Inc., d.b.a. Teichert Construction ("Teichert") made demands upon Nuevo Partners for payment of labor, materials, etc.  On October 16, 2008, Teichert recorded a Mechanic's Lien and then sent to Plaintiff a notice of intent to make a claim in the amount of $446,837.11 against the bonds.  According to Plaintiff, Nuevo Partners failed to complete work as obligated on the project, exposing Plantiff to liability on the bonds.

As a result, Plaintiff sent letters to Defendants demanding that they indemnify Plaintiff from any losses it might sustain. Plaintiff directed Defendants to either pay Teichert and arrange for completion of the work or deposit collateral in the amount of $500,000 with Plaintiff.  To date, Defendants have done neither.

1 Accordingly, on December 15, 2008, Plaintiff filed the instant
2 action alleging claims for breach of contract, *quia temet*,
3 specific performance, and declaratory relief.
4     Approximately one month later, on January 13, 2009, Teichert
5 initiated a state action against Defendants, included Plaintiff
6 as a defendant, and alleged causes of action for breach of
7 contract, foreclosure or mechanic's lien and bond recovery.
8 Defendants now move to stay the instant action until the state
9 action is resolved.

**ANALYSIS**

Plaintiff moves for writs of attachment pursuant to Defendants' obligations under the indemnity agreement. Defendants concede writs of attachment are proper as to the entity Defendants.  However, Defendants oppose the writs as to the individual Defendants, who they claim did not enter the GIA as part of a commercial transaction.  Defendants also oppose the amount of attachment sought.

Attachment is proper as against the individual Defendants, Mr. and Mrs. Warren.  California Code of Civil Procedure § 483.010(c) provides "If the action is against a defendant who is a natural person, an attachment may be issued only on a claim which arises out of the conduct by the defendant of a trade, business, or profession."  In California, the phrase "trade, business, or profession" is broadly construed.

///
///

3

One court of appeal has stated that "if the sum total of the circumstances justifies the conclusion that the guarantor occupied himself to a substantial degree and on a continuing basis in promoting his own profit through provision of credit or management to the primary obligor, a guarantee executed in the course of such activity may properly be considered an obligation arising out of the conduct of the guarantor's business." Advance Transformer Co v. Superior Court, 44 Cal. App. 3d 127, 144 (2d Dist. 1974). Additionally, a later court stated, "a purpose of the attachment statutes is to confine attachments to commercial situations and to prohibit them in consumer transactions. The language, 'trade, business or profession,' in § 483.010, subdivision (c) fulfills that purpose by limiting the use of attachments to 'commercial transactions' and precluding them in 'consumer transactions.'" Kadison, Pfaelzer, Woodard, Quinn & Rossi v. Wilson, 197 Cal. App. 3d 1, 4 (4th Dist. 1987).

Despite the above decisions, the Warrens contend that neither of them is "engaged in the business of executing guarantees of surety bonds" nor was Mrs. Warren "involved in business transactions." Opposition, 3:25-28 (internal quotations and citations omitted). Nevertheless, it is clear that both of the Warrens signed the indemnity agreement as part of an ongoing real estate development project. They both agreed to be personally liable to Plaintiff in order to ensure their commercial endeavor would move forward. Accordingly, Plaintiff's Motion for Writ of Attachment is granted as to the individual Defendants.

///

1   The same would be true as to the entity Defendants if the
2 Court had been made aware of any attachable assets either owns.
3 However, the only specific assets Plaintiff seeks are those
4 belonging to Mr. and Mrs. Warren. Thus, Plaintiffs' Motions are
5 denied without prejudice as to New Faze Development, Inc. and New
6 Faze Investment Fund I, LLC.
7   The above dispositions, however, do not end the Court's
8 current inquiry because the parties dispute the proper amount
9 subject to attachment. Plaintiff seeks to attach $573,010.
10 Teichert filed an original claim against the bonds in an amount
11 of approximately $466,000. Additionally, as Plaintiff points out
12 in its Reply, Teichert seeks to recover interest at the highest
13 allowable rate, as well as attorneys' fees and costs. Moreover,
14 as Plaintiff's counsel argued before the Court, Plaintiff also
15 included in the attachment amount an estimate of the costs and
16 fees it will directly incur to litigate both the instant action
17 here and the action pending in state court. Accordingly, this
18 Court finds the amount of attachment sought to be proper.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

**CONCLUSION**

Plaintiff's Motions for Right to Attach Order and Order for Issuance of Writ of Attachment (Docket Nos. 34-37) are hereby: 1) GRANTED as to the assets listed in Plaintiff's Supplement to Attachment (Docket No. 63) in an amount not to exceed $573,010 as to Allen W. Warren and Gina M. Warren; and 2) DENIED without prejudice as to New Faze Development, Inc. and New Faze Investment Fund I, LLC.

IT IS SO ORDERED.

Dated: August 31, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE