UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SURETEC INSURANCE COMPANY,
a Texas corporation,

       Plaintiff,

  v.

NEW FAZE DEVELOPMENT INC.,
a California corporation;
NEW FAZE INVESTMENT FUND I,
LLC, a California limited
liability company; ALLEN W.
WARREN, an individual; GINA M.
WARREN, an individual,

       Defendants.

No. 2:08-cv-03036-MCE-JFM

**ORDER**

----oo0oo----

    Presently before the Court is a Motion to Modify the Court's Pretrial Scheduling Order ("PTSO") in this matter, issued on November 4, 2009, in order to permit the filing of a Second Amended Complaint on behalf of Plaintiff Suretec Insurance Company ("Suretec")  The PTSO does not allow further amendment of the pleadings, absent "leave of court, good cause having been shown."  PTSO, ECF No. 74, 1:25-26.

1

The proposed Second Amended Complaint ("SAC"), as attached to the Declaration of Jeffrey T. Robbins, seeks to add a single cause of action for judicial foreclosure as to the deed of trust provided by Defendants New Faze Development, New Faze Investment, Allen W. Warren and Gina M. Warren ("Defendants").  The SAC further removes allegations and causes of actions originally directed towards the First Northern Bank of Dixon.

No opposition has been made to Suretec's Motion on behalf of any of the Defendants.

While Plaintiff's papers rely upon the provisions of Federal Rule of Civil Procedure 15(a) in justifying an amendment to the PTSO that would allow the proposed SAC, once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16,[1] that Rule's standards control.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

///
///

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

In the present matter, as indicated above, a PTSO was issued in this matter on November 4, 2009. Consequently, in analyzing the propriety of the proposed amendment, as the language of the PTSo itself suggests, the Court must look to whether the requisite good cause has been established. Here, in examining Plaintiff's diligence under the Johnson standard articulated above, it appears that Defendants' failure to obtain an expected payoff from another lawsuit has now prompted Plaintiff to protect its interest through foreclosure on a deed of trust provided by Defendants. Defendants had provided that deed of trust, as security for the $372,272.23 amount owing on Plaintiff's surety bond, and in lieu of Plaintiff's execution of a writ of attachment it obtained against Defendants in August of 2009. There is no indication that Plaintiff did anything other than expeditiously seek leave to file its SAC once it discovered that Defendants had failed to reimburse Plaintiff as allegedly intended by Defendants. Under those circumstances Rule 16(b)'s good cause standard is satisfied.

///
///
///

3

1     Plaintiff's Motion to Modify the Scheduling Order, and for
2 Leave to File a Second Amended Complaint (ECF No. 94) is
3 accordingly GRANTED.[2]  Plaintiff is directed to file its proposed
4 SAC not later than ten (10) days following the date this Order is
5 electronically filed.
6     IT IS SO ORDERED.
7 DATE:  August 24, 2012

               _____
               MORRISON C. ENGLAND, JR.
               UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

4